**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TRACEE TRUGLIA,** | **Civil Action No. 13-7531 (JAP)** |
| **Plaintiff,** | |
| **v.** | **REPORT AND RECOMMENDATION** |
| **RAND BEERS, et al.** | |
| **Defendant.** | |

**BONGIOVANNI, Magistrate Judge**

This matter having been opened by the Court *sua sponte* based on Plaintiff's failure to comply with this Court's orders. For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

**BACKGROUND AND PROCEDURAL HISTORY**

On December 13, 2013, Plaintiff filed this breach of flood insurance contract matter stemming from Hurricane/Superstorm Sandy against Rand Beers, the Federal Emergency Management Agency ("FEMA") and Selective Insurance Company ("Selective"). (Complaint; Docket Entry No. 1). Selective filed an Answer in response to Plaintiff's Complaint on March 25, 2014. (Answer; Docket Entry No. 5). Upon the Answer being filed, the Court entered Case Management Order No. 1 (the "CMO") (Docket Entry No. 7) and, in accordance with same, dismissed Plaintiff's claims against Rand Beers and FEMA.

On July 28, 2014, this Court conducted a telephonic status conference during which the Court ordered that Plaintiff was to produce all outstanding discovery, including but not limited to estimates/receipts for work performed. Furthermore, the Court ordered Plaintiff's deposition to be conducted by September 5, 2014 and by September 12, 2014, Plaintiff was to confirm that discovery production and depositions had been completed. Immediately following the

telephonic status conference on July 28, 2014, the Court entered a Letter Order confirming the same. (Letter Order; Docket Entry No. 10)   The Letter Order advised Plaintiff that if she failed to comply with the above mentioned obligations by September 12, 2014, then she "must show cause why this matter should [n]ot be dismissed for failure to prosecute/ comply with this Court's Orders." (*Id*.)

Plaintiff failed to comply with this Court's July 28, 2014 Order. As a result, on September 23, 2014, this Court filed an Order to Show Cause as to why this case should not be recommended for dismissal with prejudice.  The Letter Order to Show Cause stated that Plaintiff had been ordered to produce all outstanding discovery, including but not limited to estimates/receipts for work performed as well as to conduct depositions by September 12 and September 5, 2014, respectively but failed to do so.  In said letter order, the Court also noted that since these deadlines passed, the Court has not heard from Plaintiff nor has Plaintiff indicated what her intentions are with respect to this case. (Letter Order; Docket Entry No. 11)

As a result, Plaintiff was ordered to submit a position statement outlining why this case should not be recommended for dismissal with prejudice no later than October 7, 2014.  Again, Plaintiff has failed to comply with this Court's Order.  In light of Plaintiff's failure to comply with the July 28, 2014 Letter Order and the September 23, 2014 Order to Show Cause, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

**Analysis**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case.  *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty.  *Id*.  Generally, in determining whether to impose an involuntary order of dismissal, the Court considers the factors

set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984).  These factors

include:

> (1) The extent of the party's personal responsibility; (2) the
> prejudice to the adversary caused by the plaintiff's conduct; (3) the
> history of dilatoriness; (4) whether the conduct of the party or the
> attorney was willful or in bad faith; (5) the effectiveness of
> sanctions other than dismissal, which entails an analysis of
> alternative sanctions; and (6) the meritoriousness of the claim.

*Id.*  No single *Poulis* factor is determinative and dismissal may be appropriate even if some of

the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v.

Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).  If a court finds dismissal appropriate under *Poulis*, it

may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil

Procedure 41(b).  *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v.

Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the

dismissal of this matter with prejudice.  For the reasons that follow, the Court finds that under

the circumstances presented here, the *Poulis* factors support the dismissal of this matter with

prejudice:

1. **Plaintiff's Personal Responsibility:**  The Court cannot definitively place the blame for Plaintiff's failure to comply with the Court's Order, requiring Plaintiff to produce all outstanding discovery, including but not limited to estimates/receipts for work performed, by September 12, 2014, conduct Plaintiff's deposition by September 5, 2014, and comply with the Court's Order to Show Cause by submitting a position statement as to why this matter should not recommended for dismissal with prejudice, on Plaintiff herself.  The fault here could lie with Plaintiff herself, her attorney or a combination of the two.  As such, the Court finds this factor to be neutral.

2. **Prejudice to Defendant:**  Plaintiff's failure to comply with the Court's Orders has caused manifest injustice to Selective.  Plaintiff initiated this action and has done essentially nothing since filing the Complaint.  This is true despite court orders requiring action on the part of Plaintiff.  Plaintiff's failure to do that which was required of her supports dismissal of this matter.  *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:**  Plaintiff has a history of dilatoriness. On two occasions, the Plaintiff failed to comply and/or respond to court Orders.  Plaintiff failed to provide all outstanding discovery, including but not limited to estimates/receipts for work performed, despite a court order requiring her to do so.   After failing to provide all outstanding discovery, Plaintiff made no effort to contact the Court in a timely matter and, in fact, never contacted the Court.  Further, even after the Court entered the Order to Show Cause requiring Plaintiff to submit a position statement, Plaintiff failed to timely submit same – in fact, no position statement was ever submitted.  Plaintiff's inaction in this regard supports the dismissal of her claims with prejudice.

4. **Willfulness or Bad Faith:**  The Court does not on this record find that Plaintiff proceeded in bad faith.  The Court does, however, find that Plaintiff's conduct has been willful.  The record of Plaintiff failing to comply with the Court's Orders, including the Order to Show Cause, supports a finding of willfulness.  It further supports the dismissal of this matter with prejudice.

5. **Effectiveness of Alternative Sanction:**  The record of Plaintiff's unresponsiveness suggests that alternative sanctions would be futile.  Despite being faced with an Order to Show Cause that explicitly threatened the dismissal of her case with prejudice,

Plaintiff did not submit the required position statement.  On the facts presented here, the Court finds that no lesser sanction would be effective.  *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:**  In light of the stage of proceedings, the Court is unable to determine the meritoriousness of Plaintiff's claims.

Under these circumstances, the Court finds that dismissal of Plaintiff's claims with prejudice is warranted.  Plaintiff voluntarily filed this case.  After doing so, she has essentially failed to take any steps towards advancing same to trial.  Plaintiff has failed to comply with this Court's Orders, including the Order to Show Cause, which threatened the possible dismissal of her action with prejudice and required the submission of a position paper outlining why this case should not be so dismissed.  Plaintiff's actions in this regard demonstrate a pattern of non-compliance with her obligations under the Federal Rules of Civil Procedure, a failure to prosecute this matter which she initiated against Selective and an utter disregard for this Court. As a result, this Court respectfully recommends that this matter be dismissed with prejudice.

### Conclusion

The Court having considered this matter pursuant to L.Civ.R. 78.1(b) and having given consideration to the *Poulis* factors;

IT IS on this 15th day of October, 2014,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

5